MEMORANDUM **
Richard Murphy appeals from the district court’s dismissal of his 28 U.S.C. *46 § 2254 habeas petition. The district court found that Murphy procedurally defaulted on his claims.[1] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and we affirm.
The Montana trial court entered judgment against Murphy on July 2, 1993. Under Montana law, Murphy had five years from the date of his conviction to file a petition for post-conviction relief. Mont. Code Ann. § 46-21-102 (1993). Murphy filed a state habeas petition in 2003, but the Montana Supreme Court rejected it as an inappropriate vehicle for asserting his claims. Since the time for filing a state post-conviction relief petition has long since passed, Murphy cannot return to state court to exhaust his claims. Thus, Murphy is procedurally barred from asserting his claims in federal court, and no exception applies that would excuse his failure to file a petition earlier. See Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).
The district court decision is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The district court also denied Murphy’s sentencing claims on the merits, but that ruling is not at issue here.